IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TERRY WALLACE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:09-CV-120 (TJW) |
| | § | |
| LONGVIEW TEX N.P., INC. d/b/a, | § | |
| GRAHAM CENTRAL STATION and | § | |
| RONALD W. MARTIN | § | |
| | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Ronald Martin's Motion to Dismiss for Failure to State a Claim and Brief in Support. (Dkt. No. 10) After careful consideration of the parties' written submissions, the defendant's motion is DENIED for the reasons set forth in this opinion.

**I. Background**

Plaintiff Terry Wallace alleges that on July 19, 2008, he was a patron at the establishment of Defendant Longview Tex N.P., Inc., d/b/a Graham Central Station ("Graham's"). Defendant Ronald Martin, also at Graham's that evening, ordered Wallace to leave Graham's. Martin allegedly identified himself as a police officer and sprayed Wallace with pepper spray. Wallace also alleges that Martin prevented Wallace from leaving Graham's.

Wallace brought suit under 42 U.S.C. § 1983 against Martin in his individual capacity, claiming that he deprived plaintiff of his right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments. Plaintiff also brought a state law claim of false imprisonment against Martin. Martin has filed a motion to dismiss, asserting the defenses of qualified immunity for the federal claims and official immunity for the state law claims. (Dkt.

No. 10) On September 3, 2009, the Court ordered Wallace to satisfy the heightened pleading requirements outlined in *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995). (Dkt. No. 22) Thereafter, Wallace filed a reply on September 17, 2009, alleging additional facts to overcome Martin's motion to dismiss. (Dkt. No. 25)

## II.   Discussion

The doctrine of qualified immunity protects a government official with "immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). Analysis of a qualified immunity defense has two prongs, which may be addressed in any order. *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009). The Court must determine whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right[.]" *Saucier*, 533 U.S. at 201. The court must also determine whether that right was clearly established. *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* If the Court determines that the plaintiff has alleged facts that, if true, show that the government official violated a clearly established constitutional right, then the court must determine if the "conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. 'The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law.'" *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001) (quoting *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000)).

Wallace has alleged sufficient facts to overcome Martin's qualified immunity defense. Wallace alleges that Martin acted under color of law. (Dkt. No. 25, para. 17) Wallace alleges that Martin violated plaintiff's constitutional rights to be free from arrest without probable cause by 1) spraying him with pepper spray and 2) preventing him from exiting Graham's. (Dkt. No. 25, paras. 13, 23, 35, 36, 52–54) Wallace also alleges that defendant's conduct was objectively unreasonable. (Dkt. No 15, p. 5; Dkt. No. 16, p. 4; Dkt. No. 25, paras. 53, 55–58) Specifically, Wallace alleges that police officers and responding investigators thought that "Martin had no justification for his use of force." (Dkt. No. 25, para. 55(d)) Taking Wallace's allegations as true, Wallace has established a claim that Martin violated his clearly established constitutional rights using behavior that was objectively unreasonable.

### III. Conclusion

The Court finds that the Defendant is not entitled to the defense of qualified immunity. Therefore, the court DENIES Defendant's Motion to Dismiss.

It is so ORDERED.

SIGNED this 24th day of February, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE